[Civ. No. 53110. Second Dist., Div. Three. Sept. 27, 1978.]

CHESTER N. McNEIL, Plaintiff and Appellant, v.
YELLOW CAB COMPANY OF LANCASTER AND PALMDALE et
al., Defendants and Respondents.

## COUNSEL

Brown & Jacobs and R. Edward Brown for Plaintiff and Appellant.

Veatch, Snow, Carlson, Quimby & Nelson, Robert C. Carlson and Herbert F. Blanck for Defendants and Respondents.

## OPINION

**COBEY, Acting P. J.**—Plaintiff, Chester N. McNeil, appeals, following trial to the court, from a judgment for defendants, Yellow Cab Company of Lancaster and Palmdale and Arthur Calvin Scharf, in his action against them for damages for personal injuries. The appeal lies. (Code Civ. Proc., § 904.1, subd. (a).)

At the conclusion of the first phase of a bifurcated trial (the liability phase, see Code Civ. Proc., § 598), the trial court found that a taxicab, owned by Yellow Cab Company (a corporation), and operated by Scharf, in the course and scope of his employment by Yellow Cab, in which plaintiff was riding as a passenger, was involved in an intersection collision on May 12, 1972, that the taxicab was equipped with seat belts, but that they were not visible to plaintiff, and that it was not established by expert testimony that the apparent unavailability to plaintiff of seat belts proximately caused his claimed injuries.

According to *Greyhound Lines, Inc.* v. *Superior Court* (1970) 3 Cal.App.3d 356, 360 [83 Cal.Rptr. 343], under current California decisional law, the trier of fact decides whether a common carrier's failure to provide seat belts amounts to negligence.[1] It seems to us that the rule should be the same with respect to a failure to provide *visible* seat belts. This leaves as the sole question on this appeal whether expert testimony that plaintiff's nonuse of seat belts proximately caused his claimed injuries was legally necessary or merely helpful. (See *Truman* v. *Vargas* (1969) 275 Cal.App.2d 976, 982 [80 Cal.Rptr. 373].) According to this decision, if the facts sought to be proved are within the general knowledge of laymen, expert testimony is not required. (*Ibid.*)

■ We hold that on the record before us expert testimony was not required. Plaintiff testified that he was not wearing a seat belt because he could not find any, and that the impact of the collision threw him from the right rear seat of the taxicab to its left front area where his head and arm struck some objects with the result that, presumably among other injuries, he broke an arm. It seems clear, simply as a matter of common sense, that the absence of seat belt restraint under these circumstances proximately caused at least some, if not all, of plaintiff's claimed injuries. The subject of inquiry, namely, the question whether the absence of seat belt restraint under these circumstances constituted a proximate cause of plaintiff's claimed injuries, was one of such common knowledge that persons of ordinary education could reach an intelligent answer. (See *People* v. *Cole* (1956) 47 Cal.2d 99, 103 [301 P.2d 854, 56 A.L.R.2d 1435].)

---

[1]This is a middle of the road position. On the one hand, expert testimony apparently exists that seat belts are effective in reducing fatalities and minimizing injuries arising from automobile accidents. (See *Mortensen* v. *Southern Pacific Co.* (1966) 245 Cal.App.2d 241, 243 [53 Cal.Rptr. 851].) On the other hand, the supreme courts of Iowa and Pennsylvania have each refused to hold that a taxicab company's failure to provide seat belts for its passengers constitutes negligence as a matter of law. (See *Tiemeyer* v. *McIntosh* (1970) 176 N.W.2d 819, 821-823 [49 A.L.R.3d 285, 287-290]; *Benson* v. *Penn Central Transportation Company* (1975) 463 Pa. 37 [342 A.2d 393, 397].)

Stated otherwise, answering this question is not beyond the competence of persons of common experience, training and education. (See Cal. Law Revision Com. com. to Evid. Code, § 801, subd. (a), Deering's Ann. Evid. Code (1966 ed.) p. 341.) In sum, expert evidence on this issue of the causation of plaintiff's claimed injuries would be helpful, but not legally necessary.[2]

The judgment under appeal is reversed for further proceedings consistent with the views expressed in this opinion.

Allport, J., and Potter, J., concurred.

---

[2]In the damage phase of the trial of this case expert evidence on this issue may be necessary to differentiate between injuries caused plaintiff by the collision and those caused him by the absence of visible seat belts.