[Civ. No. 65832. Second Dist., Div. Four. Dec. 21 1982.]

HAROLD FRANKLIN et al., Plaintiffs and Appellants, v.
RAYMOND JOSEPH GIBSON et al., Defendants and Respondents.

COUNSEL

Matz, Brody & Albert and Jeffrey A. Matz for Plaintiffs and Appellants.

Veatch, Carlson, Grogan & Nelson, Robert C. Carlson and Herbert F. Blanck for Defendants and Respondents.

OPINION

**NELSON, J.**\*- In this personal injury action arising out of a rear-end collision by a bus against an automobile, the defendants raised as contributory

*Assigned by the Chairperson of the Judicial Council.

negligence the failure of the plaintiffs to wear seat belts. The trial court permitted the jury to apportion damages to the plaintiffs' failure to wear seat belts, although the defendants presented no evidence, expert or otherwise, to show what consequences would have been avoided by the use of seat belts. We have concluded that the trial court should not have allowed the jury to consider the "seat belt" issue in view of the defendants' failure to establish that the plaintiffs' injuries were aggravated or made worse by the nonuse of seat belts.

Harold and Imagene Franklin sued the bus driver Raymond Gibson and his employer Your Man Tour Charter Service, Inc., for personal injuries. The jury rendered verdicts in favor of plaintiffs, with special findings that Harold Franklin's negligence contributed 30 percent, and Imagene Franklin's negligence, 35 percent, to their respective injuries. Judgment was accordingly entered, and plaintiffs' motion for new trial was denied. A timely notice of appeal was filed. We modify the judgment by striking that portion resulting from the special findings, and affirm the judgment as modified.

The facts are relatively simple: Harold and Imagene Franklin, driver and passenger, respectively, were turning into the driveway of their place of employment, when a bus driven by Raymond Gibson, an employee of Your Man Tour Charter Service, Inc., struck the Franklin automobile in the rear. The force of the collision knocked the car into a cement wall. The front seat supports in the car broke, and the Franklins were thrown about, resulting in the front seat landing on the rear seat, and Imagene on top of Harold. The Franklins and their expert witnesses testified to severe injuries and wage loss, requiring surgeries by both plaintiffs, becoming permanent with work restrictions, and possible future need for medical care. A detailed summary of that evidence is unnecessary to the issue and decision here.

Following jury selection, a chambers conference was had concerning the anticipated evidence on the seat belt issue. Defense counsel took the position that no expert testimony should be required, and that none would be proffered. The sole evidence offered by defendants, produced on cross-examination of Harold, on the issue the Franklins' negligence was that neither Harold nor Imagene were wearing seat belts.

The trial court instructed the jury that they were to determine whether the nonuse of seat belts, under the fact of the case, was contributory negligence on the part of the plaintiffs, and, if so, to reduce the total damage for each by the proportion or percentage of the negligence found attributable to each of them.

■ The "seat belt defense" was first addressed in California in *Truman* v. *Vargas* (1969) 275 Cal.App.2d 976 [80 Cal.Rptr. 373]. Defendants, thereafter,

are required to prove two issues of fact: (1) the defendant must show whether in the exercise of ordinary care the plaintiff should have used the seat belt which was available to him. (Parenthetically, we note that there is no direct evidence here of an *available* seat belt—Harold was asked merely whether he or his wife Imagene was wearing seat belts. The jury was left to guess or infer their availability.) (2) The defendant must show what the consequence to the plaintiff would have been had seat belts been used. As to this second prong of *Truman,* the clear rule was expressed that "upon the facts of [the] case . . . it was not for nonexpert minds to determine what the consequences to Truman would have been if he had been using a seat belt. [¶] . . . [E]xpert opinions are essential to an informed and intelligent determination as to these critical facts." *Truman* v. *Vargas, supra,* at pages 982, 983.

In *McNeil* v. *Yellow Cab Co.* (1978) 85 Cal.App.3d 116 [147 Cal.Rptr. 733], the issue was the liability of the common carrier to the passenger plaintiff for failure to provide *visible* seat belts. The taxicab was equipped with seat belts, but they were not visible. Twisting the seat belt doctrine around, the defendant argued that the plaintiff McNeil ought to have proved by expert witnesses that his injuries were proximately caused by the nonuse of seat belts. The argument was rejected, the court observing: "It seems clear, simply as a matter of common sense, that the absence of seat belt restraint under these circumstances proximately caused at least some, if not all, of plaintiff's claimed injuries." (*Id.,* at p. 118.) Under those facts, expert testimony was not legally required to establish that the plaintiff's injuries were proximately caused by the failure to make seat belts available to plaintiff. Significantly the court in a footnote then forecasted the issue of apportionment: "In the damage phase of the trial of this case expert evidence on this issue may be necessary to differentiate between injuries caused plaintiff by the collision and those caused him by the absence of visible seat belts." (*McNeil* v. *Yellow Cab Co., supra,* at p. 119, fn. 2.)

The *McNeil* case is therefore consistent in all respects with *Truman.* Where the defendant raises the issue of the contributory negligence of the plaintiff for his failure to use available seat belts, expert testimony is necessary to establish the nature of the injuries the plaintiff would have sustained if he had used seat belts. The circumstances of the individual cases will necessarily determine the answer to the question of apportionment. (Accord: *Endicott* v. *Nissan Motor Corp.* (1977) 73 Cal.App.3d 917, 927 [141 Cal.Rptr. 95, 9 A.L.R.4th 481].)

Even before *Li* v. *Yellow Cab Co.* (1975) 13 Cal.3d 804, [119 Cal.Rptr. 858, 532 P.2d 1226, 78 A.L.R.3d 393], the burden rested upon the defendant who alleged the defense of contributory negligence, to establish, by a preponderance of the evidence in the case, the fact that the plaintiff was also at fault, and that such fault proximately caused some or all of the injuries and damages sustained

by the plaintiff. Since *Li* trial courts have the responsibility to administer a system of comparative negligence, and were warned that "[t]he assigning of a specific percentage factor to the amount of negligence attributable to a particular party, while in theory a matter of little difficulty, can become a matter of perplexity in the face of hard facts." (*Li, supra,* at p. 823.)

In the briefs the appellants urge this court to "overrule" *Truman* and bar the introduction of any evidence of a plaintiff's failure to wear seat belts; the respondents urge us to "reaffirm the seat belt defense." We have noted the authorities and law review articles cited indicating that a majority of the jurisdictions considering the defense have rejected it. (Note, *Reallocating the Risk of Loss in Automobile Accidents by Means of Mandatory Seat Belt Use Legislation* (1978) 52 So.Cal.L.Rev. 91. See also Note, *The Seat Belt Defense: A Comprehensive Guide for the Trial Lawyer and Suggested Approach for the Courts* (1980) 56 Notre Dame Law 272.)

We do not intend to establish a duty to wear seat belts, nor do we intend to extend the rationale of the *Truman* case, which we accept. The burden is upon the defendant to prove whether in the circumstances of the case the plaintiffs in the exercise of ordinary care should have used the seatbelts available to them, and what injuries plaintiffs would have sustained, according to expert testimony, if the seat belts had been used.

Here the trial judge was led into a misinterpretation of *Truman* and *McNeil,* with the result that the defendant was allowed to present equivocal evidence on the first prong, and no evidence on the second prong of the defense. Understandably the jury mysteriously assigned 30 percent to the plaintiff driver's "negligence" and 35 percent to the plaintiff passenger's "negligence." The verdict is explicable only as a guess, since the jury was not guided by evidence.

As the defendants were given the opportunity at trial to sustain their burden of proof, we need correct only that portion of the judgment produced by the submission of the seat belt issue to the jury. The jury awarded total damages to Harold Franklin of $114,200, and reduced that amount by $34,260 by virtue of its special finding that Harold Franklin's negligence contributed 30 percent of his total damage. That special finding is stricken, being unsubstantiated by evidence. Plaintiff Imagene Franklin was awarded total damages of $212,536, reduced by $74,388 by virtue of the special finding that her negligence contributed 35 percent to her total damages. That special finding is also stricken for the same reason.

The judgment is therefore modified as follows: Plaintiffs Harold Franklin and Imagene Franklin to have and recover from defendants Raymond Joseph Gibson and Your Man Tours Charter Service, Inc., the sum of $114,200 as to

Harold Franklin and the sum of $212,536 as to Imagene Franklin, with interest thereon at the rate of seven percent per annum from the date of the verdict until paid.

Except as modified, the judgment is otherwise affirmed.

McClosky, Acting P. J., and Amerian, J., concurred.

A petition for a rehearing was denied January 11, 1983, and respondents' petition for a hearing by the Supreme court was denied March 16, 1983.