[No. E004493. Fourth Dist., Div. Two. Apr. 18, 1989.]

LINDA KRAWITZ, Plaintiff and Appellant, v.
MICHAEL RUSCH, Defendant and Respondent.

COUNSEL

Daniel Dunbar, James R. McGrath and John D. Schlotter for Plaintiff and Appellant.

Fidler & Bell and Stanley O. Orrock for Defendant and Respondent.

OPINION

**DABNEY, Acting P. J.—**

### FACTS AND PROCEDURAL HISTORY

Linda Krawitz filed a complaint against Michael Rusch and others for personal injuries she received in an automobile accident in a products liability cause of action. Krawitz filed a first amended complaint which added a

negligence cause of action against Rusch. The court sustained Rusch's demurrer to the first amended complaint with leave to amend. The court sustained Rusch's demurrer to the second amended complaint with leave to amend stating, "the allegations are so uncertain on how the Demurrant is supposed to be liable to plaintiff, a passenger, for the vehicle being sold by the Defendant without seatbelts or failing to warn the Plaintiff who is presumptively unknown to Defendant, or for having removed the seatbelts before Defendant sold the Volkswagen."

The third amended complaint alleged that Rusch customized and restored a Volkswagen that he owned. While doing this, Rusch removed the factory-installed seatbelts. Rusch then sold the car to Charles Fisk with the knowledge that Fisk intended to allow his daughter, Lynette, who was 16 years old, to drive it. The complaint alleged that Rusch knew that Lynette was an inexperienced driver and that she would operate the car without seatbelts. Krawitz was a passenger in the car while Lynette was driving it. The car veered off the road and rolled over resulting in severe injuries to Krawitz, who is now paraplegic. The complaint alleged that it was reasonably foreseeable to Rusch that Lynette would operate the vehicle without seatbelts, that she would have a passenger in the car, and that Lynette would have an accident resulting in injuries to the passenger due to the lack of seatbelts.

An additional cause of action pleaded, alternatively, was that the car was not equipped with seatbelts when Rusch purchased it. Although Rusch received the seatbelts from the owners, he did not install them when he customized the car. The complaint alleged in both causes of action that Rusch failed to warn the Fisks about the missing seatbelts or to provide them with the seatbelts for installation.

Rusch demurred to the third amended complaint on the grounds that it failed to state facts sufficient to state a cause of action against him and that it was uncertain as to the factual basis upon which Krawitz based her claim. The trial court sustained Rusch's demurrer to the third amended complaint without leave to amend but did not specify the reasons for this decision. Krawitz appeals the trial court's order sustaining the demurrer to her third amended complaint without leave to amend and dismissing the complaint against Rusch. On appeal she argues that the court prejudicially erred in failing to state the reasons for sustaining the demurrer, and in sustaining the demurrer without leave to amend.

DISCUSSION

I

*Failure to Specify Reasons*

█ Krawitz asserts that the court's failure to specify the grounds or reasons for sustaining the demurrer was prejudicial, so we must reverse. (*Larmour* v. *Campanale* (1979) 96 Cal.App.3d 566, 570 [158 Cal.Rptr. 143].) The demurrer alleged both specific and general grounds, and, without a statement of reasons, it is difficult to determine on which grounds the court sustained the demurrer.

"Whenever a demurrer in any action or proceeding is sustained, the court shall include in its decision or order a statement of the specific ground or grounds upon which the decision or order is based which may be by reference to appropriate pages and paragraphs of the demurrer. [¶] The party against whom a demurrer has been sustained may waive these requirements." (Code Civ. Proc., § 472d.) Nothing in the record indicates that Krawitz notified the court of its failure to state reasons. She has waived these requirements. (*E.L. White, Inc.* v. *City of Huntington Beach* (1978) 21 Cal.3d 497, 504, fn. 2 [146 Cal.Rptr. 614, 579 P.2d 505].)

II

*Sustaining the Demurrer*

█ Krawitz asserts that the court erred in dismissing her causes of action against Rusch on the basis of his demurrer. "The party against whom a complaint . . . has been filed may object, by demurrer . . . to the pleading on any one or more of the following grounds:

". . . . . . . . . . . . . . . . . . . . .

"(e) The pleading does not state facts sufficient to constitute a cause of action.

"(f) The pleading is uncertain. As used in this subdivision, 'uncertain' includes ambiguous and unintelligible." (Code Civ. Proc., § 430.10.)

█ When determining the sufficiency of a pleading, the allegations should be liberally construed. █ "However, on appeal, all intendments weigh in favor of the regularity of the trial court proceedings and the

correctness of the judgment. [Citation.] Unless clear error or abuse of discretion is demonstrated, the trial court's judgment of dismissal following the sustaining of defendant's demurrer will be affirmed on appeal. [Citation.]" (*Banerian* v. *O'Malley* (1974) 42 Cal.App.3d 604, 610 [116 Cal.Rptr. 919].)

### A. *Duty*

■   For a negligence cause of action, the plaintiff must allege a duty, a breach of that duty, and injury to the plaintiff as a proximate result of that breach (causal relationship). (*Peter W.* v. *San Francisco Unified Sch. Dist.* (1976) 60 Cal.App.3d 814, 820 [131 Cal.Rptr. 854].) The issue presented here is whether a duty was adequately alleged.

■   A duty may be contractual, statutory or common law. (*J'Aire Corp.* v. *Gregory* (1979) 24 Cal.3d 799, 803 [157 Cal.Rptr. 407, 598 P.2d 60]; 4 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 531, p. 565.) Krawitz does not allege a contractual duty.   ■   She does not appear to allege a statutory duty since she alleged no statutes in her complaint. (4 Witkin, *op. cit. supra*, § 544, p. 577.) Our research reveals no statutes requiring nondealer individuals to install seatbelts before the sale of a used car. Krawitz relies on common law duty which arises because the injuries were a reasonably foreseeable result of Rusch's removal of and/or failure to install the seatbelts and because of the public policy encouraging the use of seatbelts.

■   Whether a duty exists is a question of law for the court to determine. (*Ballard* v. *Uribe* (1986) 41 Cal.3d 564, 572, fn. 6 [224 Cal.Rptr. 664, 715 P.2d 624].) "Civil Code section 1714, subdivision (a) establishes the fundamental principle of negligence liability, providing: 'Every one is responsible, not only for the result of his willful acts, but also for an injury occasioned to another by his want of ordinary skill in the management of his property or person, . . .'

". . . . . . . . . . . . . . . . . . . . .

"Any departure from the fundamental principle involves the 'balancing of a number of considerations; the major ones are the foreseeability of harm to the plaintiff, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, the policy of preventing future harm, the extent of the burden to the defendant and consequences to the community of imposing a duty to exercise care with resulting liability for breach, and the availability, cost, and prevalence of insurance for the risk involved. [Citations.]' (*Rowland* v. *Christian, supra,*

69 Cal.2d at pp. 112-113.)" (*Becker* v. *IRM Corp.* (1985) 38 Cal.3d 454, 467 [213 Cal.Rptr. 213, 698 P.2d 116, 48 A.L.R.4th 601].) The foreseeability of the harm is very important in this determination, and the court must "evaluate . . . generally whether the category of negligent conduct at issue is sufficiently likely to result in the kind of harm experienced that liability may appropriately be imposed on the negligent party." (*Ballard, supra,* 41 Cal.3d at pp. 572-573, fn. 6.) Public policy also plays an essential role in this calculation. (*Peter W., supra,* 60 Cal.App.3d at p. 822.)

■ The removal of and/or failure to install seatbelts in a car is sufficiently likely to result in injuries to a passenger who was involved in an accident in that car. From the complaint, it appears that Krawitz suffered serious injury since she is paraplegic.

Krawitz did not allege in the complaint that the lack of seatbelts resulted in injury or further injury to her, only that it was reasonably foreseeable to Rusch that the lack of seatbelts would result in injury to a passenger. Therefore, the complaint contains no allegation showing a "closeness of connection."

The moral blame on defendant is not overwhelming. There is no statute which requires him as a nondealer to install seatbelts prior to the sale of the used vehicle. The lack of seatbelts was an obvious defect which a person could avoid by refusing to ride in the car. There was a new owner/operator who was obligated to maintain and operate the car in a safe manner.

■ There is a public policy of promoting the use of seatbelts in California, as shown by Vehicle Code sections 27314[1] and 27315.[2] However, these sections do not impose the responsibility for installing these seatbelts on a nondealer, who is not the current operator/owner. If the Legislature had intended to include sales between private individuals in these provisions, it

---

[1] "No *dealer* shall sell or offer for sale any used passenger vehicle that was manufactured on or after January 1, 1962, . . . unless it is equipped with at least two seatbelts which are installed for the use of persons in the front seat of the vehicle." (Veh. Code, § 27314, subd. (a), italics added.)

[2] "(a) The Legislature finds that a mandatory seatbelt law will contribute to reducing highway deaths and injuries by encouraging greater usage of existing manual seatbelts . . . .

". . . . . . . . . . . . . . . . . . . . . . . . .

"(d) No person shall operate a private passenger motor vehicle on a highway unless that person and all passengers four years of age or over are restrained by a safety belt. . . .

"(e) No person 16 years of age or over shall be a passenger in a private passenger motor vehicle on a highway unless that person is restrained by a safety belt.

"(f) Every owner of a private passenger motor vehicle operated on a highway shall maintain safety belts in good working order for the use of occupants of the vehicle. . . ." (Veh. Code, § 27315, subds. (a), (d), (e), (f).)

could easily have written the sections to include private sellers of used vehicles.

The burden to defendant and the consequences to the community of imposing this duty on Rusch would be great. "As is" sales of used cars by nondealers are prevalent in our society and are a useful part of ordinary business and commerce. Imposing a duty on nondealers to install seatbelts in used cars before they sell them would impair the freedom of contract, unduly burden the seller in this particular type of transaction, and hinder this type of sale.

Nothing submitted by the parties indicates whether insurance is available to cover this type of liability; however, it is highly unlikely that the typical automobile or homeowner's policy would apply. We determine, therefore, that there is no common law duty on a nondealer seller to install seat belts before the sale of a used vehicle.

Krawitz cites no case law stating that such a common law duty exists. She does cite *Twohig* v. *Briner* (1985) 168 Cal.App.3d 1102 [214 Cal.Rptr. 729] in support of her argument. *Twohig* held that an owner/operator of a motor vehicle has a statutory and a common law duty to prevent increasing danger of injury to a passenger from the operation or maintenance of that vehicle. (*Id.,* at p. 1106.) That court stated that because of that duty, the jury should be allowed to determine whether it was unreasonable for the defendant in that case to remove the seatbelts. (*Ibid.*) Rusch was neither the owner nor the operator of the car at the time of the accident. Krawitz provides no authority imposing a similar duty to prevent the increasing danger of injury on a nondealer seller.

Krawitz also relies upon *Greyhound Lines, Inc.* v. *Superior Court* (1970) 3 Cal.App.3d 356 [83 Cal.Rptr. 343], which held that a common carrier has the duty to use the utmost care and diligence in the safe carriage of passengers; therefore, the jury should be allowed to determine whether the absence of seatbelts was negligence on the part of the common carrier. (*Id.,* at p. 360.) Rusch was not a common carrier of Krawitz at the time of the accident.

B. *Duty to Warn*

Krawitz argues that Rusch had a duty to warn the Fisks of the missing seat belts. She bases this argument on the Restatement Second of

Torts sections 388[3] and 389.[4] The absence of seatbelts is an obvious defect. It is obvious at first glance into an automobile that seatbelts are missing from an automobile. Rusch had no reason to believe that Lynette or Krawitz would not realize that the seatbelts were missing. Nor does Krawitz allege in her complaint that she was ignorant of the absence of seatbelts. Since this was an obvious defect, Rusch had no duty to warn of the missing seatbelts. (*Holmes* v. *J. C. Penney Co.* (1982) 133 Cal.App.3d 216, 220 [183 Cal.Rptr. 777]; *Morris* v. *Toy Box* (1962) 204 Cal.App.2d 468, 471 [22 Cal.Rptr. 572].) The obviousness of missing seat belts applies regardless of the fact that Lynette was a teenager. The complaint does not allege the age of Krawitz at the time of the accident.

## C. *Negligent Entrustment*

■ Krawitz's complaint may possibly be read as asserting negligent entrustment, and she relies on Restatement Second of Torts section 390[5] in her opening brief. This tort requires actual knowledge by the seller that the driver is incompetent or knowledge of circumstances which should indicate to the seller that the driver is incompetent. (*Dodge Center* v. *Superior Court* (1988) 199 Cal.App.3d 332, 341 [244 Cal.Rptr. 789].) There were no allegations in the causes of action against Rusch stating that Lynette was an incompetent driver, merely that she was an inexperienced one. Inexperience does not necessarily indicate incompetency. (Cf. *Ibid.*) Nor does it allege that Rusch's knowledge of her inexperience as a driver lead him to believe

---

[3] "One who supplies directly or through a third person a chattel for another to use is subject to liability to those whom the supplier should expect to use the chattel with the consent of the other or to be endangered by its probable use, for physical harm caused by the use of the chattel in the manner for which and by a person for whose use it is supplied, if the supplier

"(a) knows or has reason to know that the chattel is or is likely to be dangerous for the use for which it is supplied, and

"(b) has *no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition,* and

"(c) fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be dangerous." (Rest.2d Torts, § 388, italics added.)

[4] "One who supplies directly or through a third person a chattel for another's use, knowing or having reason to know that the chattel is unlikely to be made reasonably safe before being put to a use which the supplier should expect it to be put, is subject to liability for physical harm caused by such use to those whom the supplier should expect to use the chattel or to be endangered by its probable use, and *who are ignorant of the dangerous character of the chattel* or whose knowledge thereof does not make them contributorily negligent, although the supplier has informed the other for whose use the chattel is supplied of its dangerous character." (Rest.2d Torts, § 389, italics added.)

[5] "One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them." (Rest.2d Torts, § 390.)

that she would drive in a manner involving unreasonable risk of harm. The complaint did allege that Rusch had reason to believe that Lynette would drive the car without seatbelts but not that he had reason to believe that Lynette would drive so carelessly, because of her inexperience, that she would have an accident. We do not believe that knowledge that Lynette would drive the car without seatbelts, in itself, invokes the protections of the negligent entrustment theory.

■ The court did not err in sustaining the demurrer without leave to amend. This is proper where it is " 'probable from the nature of the defects and previous unsuccessful attempts to plead that plaintiff cannot state a cause of action.' [Citations.]" (*Banerian, supra,* 42 Cal.App.3d at p. 616.) Krawitz was granted numerous opportunities to amend her complaint and yet remained unable to successfully state a cause of action against Rusch. The court did not abuse its discretion in sustaining the general demurrer for failure to state a cause of action and dismissing the action against Rusch.[6]

## DISPOSITION

Judgment affirmed.

Hollenhorst, J., and Staniforth, J.,* concurred.

---

[6] We note additionally that the complaint was uncertain about the negligence being alleged, i.e., the failure to install and/or remove the seatbelts was never labelled specifically as negligent conduct. Also, it was uncertain as to whether negligent entrustment was being alleged. In her opening brief, Krawitz states that her claim lies in Rusch's negligence in the removal of, or failure to install the seatbelts but later she cites to case law supporting a negligent entrustment theory.

* Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.