Filed 3/24/23 Saint Andrews Equities v. Ausweger CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| SAINT ANDREWS EQUITIES LLC, Plaintiff and Appellant, v. CAROLYN AUSWEGER, as Trustee, etc., et al., Defendants and Respondents. | B317724 (Los Angeles County Super. Ct. No. 20TRCV00565) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Deirdre H. Hill, Judge. Affirmed.

Law Office of Richard Jacobs and Richard B. Jacobs for Plaintiff and Appellant.

Rutan & Tucker, Richard Montevideo and Samantha Lamm for Defendants and Respondents.

———————————————

Saint Andrews Equities LLC (Saint Andrews) appeals from a judgment of dismissal entered after the trial court sustained a general demurrer as to all causes of action asserted against Carolyn and Kurt Ausweger, the alleged trustees of the Carolyn C. Ausweger Trust dated October 8, 2008, allegedly also known as the Ausweger Family Trust dated October 8, 2008 (collectively Auswegers[1]).  We find Saint Andrews has failed to state a cause of action against the Auswegers and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

### A.    Facts

In June 2019, Saint Andrews entered into a Purchase and Sales Agreement to acquire real property from the Auswegers.[2] Saint Andrews financed the purchase by a loan from the Carolyn C. Ausweger Trust (Trust), evidenced by a note and secured by a deed of trust.  As part of the purchase price, the lease of the property was assigned to Saint Andrews, who renegotiated the rent with the existing tenant.  Thereafter, Saint Andrews defaulted on its loan payments to the Trust because of a problem with the automatic payment system (autopay).  The Auswegers exercised their assignment of rents under the deed of trust and began collecting rent payments on the property from the tenant.

---

[1] Although we refer to all named defendants collectively as the Auswegers, according to their counsel, the Carolyn C. Ausweger Trust and the Ausweger Family Trust are two distinct legal entities.  Kurt Ausweger was improperly named in this case because neither he nor the Ausweger Family Trust have an interest in the property that is the subject of this lawsuit.  The only trust involved here is the Carolyn C. Ausweger Trust.

[2] The Purchase and Sales Agreement is not part of the record.

The Auswegers recorded a notice of default on the loan in March 2020 and, because the default was not cured, they recorded a notice of sale in June 2020. However, the Auswegers delayed the trustee's sale to negotiate an agreement with Saint Andrews over payment issues. When their efforts proved unsuccessful, the Auswegers transferred their beneficial interest in the note and deed of trust to Curry Parkway LLP (Curry Parkway) by a recorded Assignment of Deed of Trust in July 2020.

Following the assignment, Curry Parkway and Saint Andrews engaged in an extended discussion to resolve payment issues. Eventually, Saint Andrews offered to pay off the entire loan in cash. Curry Parkway, however, would only accept a wire transfer of funds from Saint Andrews. At some point, Curry Parkway decided to resume the foreclosure proceedings against Saint Andrews, which ultimately led to foreclosure.

## B. Procedural History

Saint Andrews filed a lawsuit but named only the Auswegers as defendants in the first amended complaint (FAC), alleging seven claims against them. The Auswegers filed a demurrer challenging all claims and a motion to strike the request for punitive damages. The trial court sustained the demurrer in its entirety. As to the claims for breach of contract, violation of Business and Professions Code section 17200, fraud, and tort of another, the court granted leave to amend. As to the remaining three claims, it denied leave to amend. The court denied the motion to strike punitive damages as moot.

Saint Andrews filed a second amended complaint (SAC) realleging claims against the Auswegers for breach of contract,

violation of Business and Professions Code section 17200, and fraud. Saint Andrews did not reallege a claim for tort of another.

The Auswegers again demurred and moved to strike the request for punitive damages. The trial court sustained the Auswegers' demurrer without leave to amend. The court denied their motion to strike the request for punitive damages as moot. After the court dismissed the Auswegers from the suit, Saint Andrews timely appealed.

## DISCUSSION

Saint Andrews argues the trial court erred in sustaining the demurrer and dismissing the Auswegers from the lawsuit.

### A. Standard of Review

"The rules by which the sufficiency of a complaint is tested against a general demurrer are well settled. ' " 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context." ' " (*Centinela Freeman Emergency Medical Associates v. Health Net of California, Inc.* (2016) 1 Cal.5th 994, 1010; see *Roy Allan Slurry Seal, Inc. v. American Asphalt South, Inc.* (2017) 2 Cal.5th 505, 512.) After reviewing the allegations of the complaint and its exhibits as well as the matters properly subject to judicial notice, we exercise our independent judgment as to whether the complaint states a cause of action as a matter of law. (See *Centinela,* at p. 1010; *Moore v. Regents of University of California* (1990) 51 Cal.3d 120, 125.) If the allegations of a complaint contradict facts appearing in judicially noticed documents or exhibits attached to the complaint, we accept the

4

facts in the documents as true. (*Tucker v. Pacific Bell Mobile Services* (2012) 208 Cal.App.4th 201, 210.)

**B.     Breach of Contract Claim**

To state a claim for breach of contract, the plaintiff must plead and prove (1) the existence of the contract, (2) the plaintiff's performance or excuse for nonperformance, (3) the defendant's breach, and (4) resulting damages to the plaintiff. (*Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 821.)

Saint Andrews's breach of contract claim is premised on the Auswegers' alleged breach of the note and deed of trust. For purposes of this claim, we accept that the deed of trust is a contract. (See *Kerivan v. Title Ins. & Trust Co.* (1983) 147 Cal.App.3d 225, 230 [a deed of trust is a contract involving mutual obligations on a trustor, trustee, and beneficiary; the promissory note is a separate contract and the two agreements form parts of one transaction].)

**1.     Saint Andrews Fails to State a Claim for the Alleged First Breach**

In the SAC, Saint Andrews asserts the Auswegers committed two breaches of contract: The first breach concerns provisions in the deed of trust that permitted the Auswegers to collect rent payments from the tenant in possession if Saint Andrews defaulted on the loan and to deduct from those payments "reasonable attorney's fees" incurred in pursuing foreclosure.

In support of the first breach, the SAC sets forth general allegations that the monthly rent payment was more than double the monthly loan payment, the Auswegers began collecting rent payments when Saint Andrews defaulted, the Auswegers "ran up" unreasonable attorney fees to keep Saint Andrews in default,

5

and without the unearned and unnecessary attorney fees, Saint Andrews would have become current on its loan payments within one or two months.

These allegations are not sufficient to establish the first breach. While Saint Andrews asserts the attorney fees were not reasonable, this allegation is not supported by any particularized facts. Saint Andrews provides no details as to the what the attorneys did or did not do to generate unreasonable fees. Nor does Saint Andrews offer any dollar amounts for the fees charged or by what percentage the fees exceeded the monthly rent payment, or any other means by which the reasonableness of the fees was objectively determined. On demurrer, such conclusory general allegations may be disregarded. (*Schep v. Capital One, N.A.* (2017) 12 Cal.App.5th 1331, 1337.)

Although Saint Andrews argues its breach of contract claim hinges on the reasonableness of the Auswegers' attorney fees, its allegations center on the Auswegers' purported motive for charging those fees—to ensure Saint Andrews remained in default. A party's alleged motive to breach a contract is not relevant to the issue of whether there has been a breach. (*JRS Products, Inc. v Matsushita Electric Corp. of America* (2004) 115 Cal.App.4th 168, 182 ["motive, regardless of how malevolent, remains irrelevant to a breach of contract claim"].)

## 2. The Alleged Second Breach Is Barred by the Statute of Frauds

The second breach relates to an oral agreement that occurred after Saint Andrews defaulted on the loan. The SAC makes general allegations that before selling the loan, the Auswegers advised that payment by Saint Andrews of "a specific amount" would bring its loan payments current and stop

6

foreclosure proceedings, and that Saint Andrews paid the amount requested, but the Auswegers breached the oral agreement by selling the loan to Curry Parkway after accepting payment, thereby leaving Saint Andrews in default and "mov[ing]" the foreclosure proceedings to Curry Parkway.

The second breach is barred by the statute of frauds, which requires any agreement for the sale of real property or of an interest in real property to be memorialized in a writing subscribed by the party to be charged or by the party's agent. (Civ. Code, § 1624, subd. (a)(3).) This includes a promissory note and a deed of trust securing performance under the note. (*Secrest v. Security National Mortgage Loan Trust 2002-2* (2008) 167 Cal.App.4th 544, 552.) An alleged oral agreement subject to the statute of frauds is not enforceable because modification of the agreement must also be in writing. (See *Secrest*, at pp. 552–553.) Thus, Saint Andrews's breach of contract claim, predicated on a breach of the oral agreement modifying the terms of the loan, is barred by the statute of frauds and fails as a matter of law.

### 3. Saint Andrews Cannot Rely on Promissory Estoppel

Saint Andrews takes the position that the oral agreement is not barred by the statute of frauds because of "promissory estoppel." While promissory estoppel and estoppel to assert the statute of frauds rest on similar equitable principles and are closely related, they are nevertheless distinct: Promissory estoppel is a cause of action based upon a promise that might otherwise constitute a contract but for the lack of consideration, which is enforceable notwithstanding the absence of a writing (see *Garcia v. World Savings, FSB* (2010) 183 Cal.App.4th 1031, 1040, fn. 10); estoppel is a doctrine allowing an exception to the

7

statute of frauds' writing requirement for a contract supported by true consideration.

No promissory estoppel cause of action was alleged in either the FAC or the SAC.[3] We therefore assume that Saint Andrews is relying instead on estoppel.

The Auswegers are not estopped from asserting the statute of frauds in connection with the breach of contract claim. As discussed in *Secrest v. Security National Mortgage Loan Trust 2002-2, supra,* 167 Cal.App.4th at page 555, partial performance of an oral contract coming within the purview of the statute of frauds may warrant enforcement of the contract if failure to do so would cause unconscionable injury. "In addition to having partially performed, the party seeking to enforce the contract must have changed position in reliance on the oral contract to such an extent that application of the statute of frauds would result in an unjust or unconscionable loss, amount in effect to a fraud." (*Ibid.*; *Garcia v. World Savings, FSB, supra,* 183 Cal.App.4th at p. 1040, fn. 10 ["[a] party is estopped to assert the

---

[3] Without an express statement of leave by the trial court to add entirely new causes of action, when a demurrer is sustained with leave to amend, that leave is properly interpreted as permission to amend the causes of action as to which the demurrer was sustained (*People ex rel. Dept. Pub. Wks. v. Clausen* (1967) 248 Cal.App.2d 770, 775), to add new causes of action in direct response to the trial court's reasons for sustaining the earlier demurrer (*Patrick v. Alacer Corp.* (2008) 167 Cal.App.4th 995, 1015), or to plead new legal theories premised on the same operative facts asserted in the previous complaint. (See *McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415 [issue on demurrer is whether facts alleged state a cause of action under any possible legal theory].)

statute of frauds as a defense 'where [the] party, by words or conduct, represents that he will stand by his oral agreement, and the other party, in reliance upon that representation, changes his position, to his detriment' "].)

Saint Andrews's mere payment of money due under an oral agreement subject to the statute of frauds is insufficient to establish both partial performance and a change of position justifying application of the estoppel doctrine. (See *Secrest v. Security National Mortgage Loan Trust 2002-2*, *supra,* 167 Cal.App.4th at p. 555.) Saint Andrews does not allege it changed its position in reliance on the oral agreement in any way other than making the payment.

Despite the differences between promissory estoppel and estoppel, because Saint Andrews is unable to show it detrimentally relied on the oral agreement to modify the loan agreement, a promissory estoppel cause of action would be precluded as well.

## C. Violation of Business and Professions Code section 17200

Business and Professions Code section 17200 (unfair competition law) proscribes "unfair competition," which is defined as "any unlawful, unfair or fraudulent business act or practice." (Bus. & Prof. Code, § 17200.) Among other things, the statute covers injuries to consumers. It " ' "borrows" violations of other laws and treats them as unlawful practices' that the unfair competition law makes independently actionable." (*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.* (1999) 20 Cal.4th 163, 180.) However, the unfair competition law also "makes clear that a practice may be deemed unfair even if not specifically proscribed by some other law." (*Ibid.*) Business

and Professions Code section 17200 " 'establishes three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent.' " (*Ibid.*)

In support of its claim under Business and Professions Code section 17200, Saint Andrews maintains the SAC sufficiently alleges the Auswegers engaged in (1) unlawful conduct by violating "non-judicial foreclosure laws" and by "initiating and moving forward with foreclosure proceedings" after receiving Saint Andrews agreed-upon payment; (2) unfair conduct by running up attorney fees to keep Saint Andrews in default; and (3) fraudulent conduct by accepting the agreed-upon payment and while "informing [Curry Parkway] that the loan was still in default."

As set forth above, there are no viable allegations that the Auswegers engaged in unfair competition. Saint Andrews failed to specify which nonjudicial foreclosure laws the Auswegers supposedly violated and how the Auswegers violated those laws. Contrary to Saint Andrews' assertion, Curry Parkway, not the Auswegers, foreclosed on the property. Saint Andrews failed to allege any facts suggesting that Curry Parkway lacked the authority to proceed independently with the nonjudicial foreclosure. The recorded assignment, which was attached to the pleadings, shows that Curry Parkway had such authority.

Saint Andrews's claim that the Auswegers engaged in unfair conduct by running up attorney fees to keep the property in default fails for the reasons previously discussed. Finally, the attached deed of trust shows that Saint Andrews defaulted on the loan, and, in the absence of a valid modified agreement, remained

10

in default after the sale of the loan to Curry Parkway.  The default was not cured by the agreed-upon payment.[4]

## D.    Saint Andrews Cannot Salvage Its Unfair Competition Claim

On appeal following demurrer, a plaintiff may propose new facts and new theories for the first time on appeal to show that a complaint can be amended to state a cause of action. (Code Civ. Proc., § 472c; *King v. CompPartners, Inc.* (2018) 5 Cal.5th 1039, 1049, fn. 2.)

Saint Andrews argues for the first time that the Auswegers' alleged violation of Civil Code section 2938 also constitutes a violation of Business and Professions Code section 17200 as unlawful conduct.  Civil Code section 2938 governs the enforcement of assignment of rents.  Subdivision (g)(1) of the statute provides that if the assignee (lender) enforces the assignment, the assignor (borrower) may make a written demand that the assignee "pay the reasonable costs of protecting and preserving the property, including payment of taxes and insurance and compliance with building and housing codes, if any." (Civ. Code, § 2938, subd. (g)(1).)

Saint Andrews contends that because the roof collapsed after the Auswegers exercised their assignment of rents, they were obligated to pay for protecting and preserving the property, including the roof, and that rather than repair or replace the roof,

---

[4] Paragraph 9 of the deed of trust reads:  "The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice."

the Auswegers "allowed the roof to remain collapsed and allowed the insurance proceeds for fixing the roof to go elsewhere."

Once again, Saint Andrews's conclusory allegations are inadequate to state a claim. There are no allegations that Saint Andrews demanded in writing that the Auswegers repair or replace the roof, that the Auswegers agreed to use their insurance for that purpose, and how they "allowed the insurance proceeds for fixing the roof to go elsewhere." Nor are there allegations as to the precise date the roof collapsed, how it collapsed, the cost to repair or replace it, and whether Saint Andrews received funds from its own insurer or other sources for that purpose.[5] Thus, a claim of unfair competition will not lie here based on a purported violation of Civil Code section 2938, subdivision (g)(1).

## E. Fraud and Concealment

"The elements of fraud are ' "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." ' " (*Charnay v. Cobert* (2006) 145 Cal.App.4th 170, 184; *Lazar v. Superior Court* (1996) 12 Cal.4th 631, 638.)

---

[5] The SAC alleges the roof collapsed in "late 2020." However, codefendant Elad Investments LLC alleged in its demurrer that the roof collapsed "[o]n or about in late 2019," before Saint Andrews defaulted on the loan. Further, Saint Andrews alleged in the SAC that codefendant Aerodynamics Plating Co., Inc., the tenant in possession, was responsible to Saint Andrews for the collapse of the roof, that Aerodynamics settled the roof damage with its insurer for $50,000, which did not cover all the roof damage.

Concealment is a form of fraud and deceit. (Civ. Code, §§ 1710, 1572.) To state a claim for concealment, the plaintiff must allege: "(1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage." (*Marketing West, Inc. v. Sanyo Fisher (USA) Corp.* (1992) 6 Cal.App.4th 603, 612–613.)

In its cause of action for fraud (and concealment), Saint Andrews alleged: The Auswegers concealed the fact they were selling the loan to Curry Parkway when Saint Andrews made the agreed-upon payment. Saint Andrews asserts that "[t]his constituted both a concealment and a misrepresentation" because the foreclosure proceedings did not stop but were continued by Curry Parkway after it purchased the loan. Saint Andrews further alleges that had it known of the pending sale, it would have negotiated separately with Curry Parkway or sought written assurances from the Auswegers that the new purchaser would abide by the oral agreement.

This claim readily fails as a matter of law. As a concealment claim, there is no allegation that the Auswegers had a duty under any statute or common law to disclose the sale to Saint Andrews. Moreover, the deed of trust provides that it may be assigned multiple times over the life of the loan. As a fraud claim, Saint Andrews cannot show justifiable reliance or damages because it was not prejudiced by the sale of the loan—Saint

13

Andrews had the same liabilities under the note and deed of trust before and after the sale.  As the trial court remarked, "Simply because [Saint Andrews] could have hedged its bets with the new holder and saved money by not keeping up with its obligations does not constitute damages."

## F.     Leave To Amend

A demurrer may be sustained without leave to amend if the plaintiff has unsuccessfully attempted to cure the defects. (*Krawitz v. Rusch* (1989) 209 Cal.App.3d 957, 967.)  Further, "[W]here the nature of the plaintiff's claim is clear, and under substantive law no liability exists, a court should deny leave to amend because no amendment could change the result." (*City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (1998) 68 Cal.App.4th 445, 459.)

Here, Saint Andrews was twice granted an opportunity to amend its complaint and cure its deficiencies.  Despite these opportunities, Saint Andrews failed to state any cause of action against the Auswegers, making few if any changes to some of its claims.  Saint Andrews bears the burden of demonstrating in what manner it can amend the SAC, and how such an amendment would change the legal effect of its pleading.  (*In re Social Services Payment Cases* (2008) 166 Cal.App.4th 1249, 1274.)  Yet Saint Andrews asks us to assume that task, "if . . . [we] determine[] that more detail (or, for example, splitting the fraud cause of action into separate claims for concealment and misrepresentation) could lead to a[] sufficiently pled cause of action."  We decline to do so.

14

## DISPOSITION

The judgment of dismissal is affirmed.  Respondents are entitled to their costs on appeal.

LUI, P. J.

We concur:

ASHMANN-GERST, J.

CHAVEZ, J.