C. R. GILLILAND v. MERCANTILE INVESTMENT & HOLD-
ING Co., a Florida Corporation, also Known as
MERCANTILE INVESTMENT AND HOLDING COMPANY,
a Florida Corporation.

3 So. (2nd) 148
Special Division A
Opinion Filed July 1, 1941
Rehearing Denied July 12, 1941

McCune, Hiaasen & Fleming, for Plaintiff in Error;

Evans, Mershon & Sawyer, Herbert S. Sawyer,
Arthur S. Friedman and W. O. Mehrtens, for Defend-
ant in Error.

ADAMS, J.—This was an action for breach of con-
tract. It comes here from involuntary nonsuit.

In 1930, defendant Mercantile Company and High-

way Construction Company were owners of numerous properties. In 1931, the two companies caused to be formed a third company to-wit: Hollywood, Inc. The purpose of the latter was to take title to the properties of the two former and liquidate same. By agreement, the Hollywood Company was to disburse to the defendant and Highway Construction Company: first, stated sums representing cash advances; second, stated sums representing liens; third, next in order to pay $500,000.00 to defendant and $2,000,000.00 to Highway Construction Company pro rata.

The contract, the breach of which, forms the basis of this action refers to the third item wherein defendant: "does assign and set over unto the said C. R. Gilliland, his heirs, legal representatives and assigns forever, a one-tenth (1-10) part of all sums payable to said Mercantile Investment & Holding Co. through Hollywood, Inc., a Florida corporation, under the third part of Paragraph I, of Paragraph eleven (11) of that certain contract between The Highway Construction Company, Ohio, Inc., and Mercantile Investment & Holding Co. dated January 22, 1931, payable as, if and when the same shall be payable and paid under the terms of said agreement."

The plaintiff sued in 1938. The theory of his action is that defendant by vexatious litigation brought against Hollywood, Inc., hindered and frustrated the liquidation and also in 1937 defendant breached the contract with plaintiff by selling and divesting itself of all right to receive any sum under the plan of liquidation.

The plaintiff received no payment under the assignment. The case was tried on pleas of first, general issue; second, lack of authority of defendant's presi-

dent to execute the contract; third, no consideration and estoppel.

When plaintiff rested his case the defendant moved for a directed verdict because plaintiff had proved no damage. The trial judge announced that he would grant the motion and plaintiff suffered a nonsuit.

The plaintiff introduced no evidence of what he would have received had the liquidation been made as originally contemplated. He contends that the wrongful act of defendant making the fulfillment impossible dispensed with the necessity of such proof. He contends his action is for an anticipatory breach and that defendant's wrongful act has rendered proof of actual damage impossible and for that reason he is entitled to the maximum amount. With this we do not agree. The doctrine of anticipatory breach of contract has been approved by us. See Sullivan v. McMillan, 26 Fla. 543, 8 So. 450; Thomson v. Kyle, 39 Fla. 582, 23 So. 12, 63 Am. St. Rep. 193; Harris v. Coconut Grove Development Company, 63 Fla. 175, 59 So. 11.

The plaintiff is held to the same degree of proof to recover damages in an action brought on an anticipatory breach as if he had waited until after the time elapsed for fulfillment of his contract. Numerous cases from other jurisdictions have been cited by plaintiff. Typical of them is Bagley v. Cohen, 53 Pac. 1117 (Cal.). In this case there was a contract to pay a fixed sum to-wit: $310.00 from profits. Defendant's act rendered fulfillment impossible. If plaintiff had a case it was for the full amount. His damage was fixed and liquidated. In neither case will a verdict be sustained for speculative, fictitious or supposed damage. A. J. Richey Corporation, *et al.,* v. Garvey, *et al.,* 132 Fla. 602, 182 So. 216.

Here in the case at bar plaintiff's contract is for ten per cent of a contingent and anticipated fund with a maximum of $50,000.00. Finding no error in the record the judgment is affirmed.

BROWN, C. J., WHITFIELD and THOMAS, J. J., concur.