565 So.2d 751 (1990)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,
v.
Michaelyn SMITH, Etc., Appellee.
No. 89-715.
District Court of Appeal of Florida, Fifth District.
July 12, 1990.
Rehearing Denied August 28, 1990.
*752 Thomas G. Kane of Kane, Williams & Singer, P.A., Rockledge, for appellant.
Glen R. Goldsmith of High, Stack, Lazenby, Palahach & Goldsmith, Coral Gables, for appellee.
PER CURIAM.
This is the appeal of a final judgment involving an underinsured motorist claim that arose out of an intersectional collision where the underinsured motorist's vehicle pulled out in front of the appellee's vehicle, resulting in impact. Appellee was not wearing her seat belt. Appellee described the impact as being "quite severe" and acknowledges she was "thrown around". Appellee's head struck the windshield with enough force to damage the windshield, and she sustained injuries to her face, head, neck, ankle and low back. Her physician testified that the cause of the herniated disc in her lower back was a "single severe trauma" which, in his opinion, was sustained in the automobile accident. Among its defenses appellant raised the seat belt defense.
The plaintiff moved in limine to exclude the seat belt defense arguing that, because she had waived any claim to damages for the face, head, neck and ankle (none of which had resulted in permanent injury) and was seeking compensation only for the herniated disc in her lower back, the seat belt defense was unavailable in the absence of competent expert testimony that appellee's failure to wear her seat belt contributed to the herniated disc. Appellee had successfully obtained an order excluding the appellant's accident reconstruction expert from the trial based on the expert's failure to make himself available for deposition a reasonable time before trial.[1]
Appellant contended, relying on Burns v. Smith, 476 So.2d 278 (Fla. 2d DCA 1985), that expert testimony was not required to establish the plaintiff's back injury was caused by or exacerbated by the failure to wear her seat belt. In Burns, a jury had found 75% comparative negligence against the plaintiff, who was thrown around in the vehicle as the result of failure to wear his seat belt and sustained head and neck injuries. The Burns court held that, under the facts of that case, it was within the province of the jury to determine whether the plaintiff's failure to wear his seat belt had produced or contributed substantially to his injuries.[2] In the present case, the trial court granted the motion in limine and excluded all evidence and argument concerning the seat belt defense.
The question whether expert testimony is a prerequisite to availability of the seat belt defense has been the subject of some debate.[3] It is obvious that the specific *753 dynamics of seat belts in various automobile collision scenarios is not a matter within the common understanding of juries or, for that matter, judges. On the other hand, the Burns case implies that the jury's common sense may be enough where the evidence establishes that the injury complained of is an impact injury.
Another troublesome aspect of the requirement of expert testimony is illustrated by this case. At the point in the trial where the testimony of the accident reconstruction expert was proffered, plaintiff's counsel argued that such testimony would be incompetent because the accident reconstruction expert had no medical training, and thus could not testify concerning causation of a herniated disc. Plaintiff's counsel also contended that the physician who performed an independent medical examination on the plaintiff could not testify about whether the use of a seat belt could have avoided or minimized the plaintiff's back injury because he had no understanding of the operation of seat belts. This raises questions concerning which experts are truly competent in this field to advise the jury, and upon what issues.[4]
The Supreme Court of Florida's decision establishing the seat belt defense is Insurance Co. of North America v. Pasakarnis, 451 So.2d 447 (Fla. 1984). The facts in that case, unlike the instant one, were tailormade for argument in support of the seat belt doctrine. The plaintiff, Pasakarnis, was driving a jeep without having fastened his operational seat belt. Without any contributory (i.e., causative) negligence on his part, he was struck broadside by the defendant's vehicle, which had run a stop sign. Pasakarnis was thrown from the jeep and landed on his posterior, resulting in a compression-type injury to his lower back. His treating physician testified that his injury was caused by his flying through the air and impacting on the pavement. The defense pled the failure of Pasakarnis to wear his seat belt as an affirmative defense. The trial court struck this defense and precluded expert testimony in regard to it. At trial, the defense unsuccessfully proffered the deposition testimony of an engineer-accident analyst who stated that had Pasakarnis properly utilized his seat belt, it would have restrained him in the seat and he would not have been ejected.[5] The engineer also opined that had Pasakarnis been restrained within the jeep by the seat belt, the probability was that he would have escaped all injury.
Upon ultimate review, the Florida Supreme Court stated:
Nonuse of the seat belt may or may not amount to a failure to use reasonable care on the part of the plaintiff. Whether it does depends on the particular circumstances of the case. Defendant has the burden of pleading and proving that the plaintiff did not use an available and operational seat belt, that the plaintiff's failure to use the seat belt was unreasonable under the circumstances, and that there was a causal relationship between the injuries sustained by the plaintiff and plaintiff's failure to buckle up. If there is competent evidence to prove that the failure to use an available and operational seat belt produced or contributed substantially to producing at least a portion of plaintiff's damages, then the jury should be permitted to consider this factor, along with all other facts in evidence, in deciding whether the damages *754 for which defendant may otherwise be liable should be reduced.
The problems inherent in applying Pasakarnis to various factual situations are manifold. The difficult case is the one presented by the instant facts. The plaintiff, who was not wearing her seat belt, was thrown about inside the car as a result of the collision, and the injury claimed was to the low back, an injury not obviously resulting from direct contact with the windshield, the door, the dashboard, or (as in Pasakarnis) the pavement. The distinction appellee makes between the head and neck injuries in Burns and the low back injury in the present case is not persuasive. It is no more obvious that a neck injury is attributable to the failure to wear a seat belt than a low back injury. Moreover, review of the literature on this subject indicates the windshield, door or dashboard impact injuries, which as laymen we have come to believe are avoided by the use of seat belts, are not necessarily prevented when a seat belt is worn. Here plaintiff's injuries may have resulted from the initial impact or from a secondary impact resulting from the absence of a seat belt  or, in part, from both. Candidly, our concern is that in a case like the one presented here no one, expert or layman, can truly apportion causation and degree of injury between the initial impact and the failure to use the seat belt.[6] If the extension of Pasakarnis to cases factually similar to the instant one simply promotes speculative opinions by forensic charlatans hired out for trial, we question the value of the defense in such cases.[7]
The approach of the Second District Court of Appeal in the Burns case urged by appellant would solve the expert problem. Nevertheless, Pasakarnis is clear that introduction of competent evidence on this issue is the burden of the defense. In some cases, a defendant will not need an expert to sustain his burden of proving the causal relationship between the injury sustained and the plaintiff's failure to use a seat belt. For example, if an unharnessed occupant is thrown from an automobile into a roadside lake or pond, and his drowning is established by the plaintiff's personal representative in the course of the ensuing wrongful death action, then there would be no need for expert testimony to be adduced by the defense to show the causal relationship between the death and the absence of a seat belt, and the issue would be submitted to the jury to determine any reduction of damages. Similarly, in cases like Pasakarnis, where the expert's opinion as an engineer is that no injury would have been sustained, there may be no need for medical expertise to differentiate among seat-belt related injuries and non-seat belt related injuries. Given the language employed by the majority opinion in Pasakarnis, however, we are obligated to allow a defendant to produce "competent evidence" of the causal relationship if he can.[8] We have concluded, however, that evidence that the plaintiff was thrown from her seat in the *755 car, apparently deemed sufficient in Burns, is not competent evidence in the present case.
Accordingly, we affirm.
COBB, W. SHARP and GRIFFIN, JJ., concur.
NOTES
[1] This ruling has been appealed but, under the facts, exclusion of the witness was well within the trial court's discretion.
[2] In Burns v. Smith, 476 So.2d 278 (Fla. 2d DCA 1985), relied upon by the appellant, the facts are not clearly delineated. The opinion merely states: "The evidence showed that Mr. Burns did not use a seat belt and that he was thrown from his seat in the car following the impact. He received head and neck injuries." We are not told whether Burns was thrown out of the car, into the windshield, or merely around the interior of the car (as was Smith in the instant case). Thus, Burns is of little benefit to our present analysis. It merely held that an accident reconstruction expert was not essential under the undisclosed factual circumstances of that case. The nature and extent of the medical testimony, if any, is not revealed in the opinion.
[3] In the case of Waterson v. General Motors Corp., 111 N.J. 238, 544 A.2d 357 (N.J. 1988) the defendant seems to have identified the ideal expert to testify concerning the plaintiff's failure to wear his seat belt. This witness had degrees in physics, mathematics and biomedical engineering and he was a senior engineer of safety research. He testified that the plaintiff would have suffered no injury at all if seat belts had been used. No expert testimony was offered by the plaintiff. The jury found the plaintiff 40% comparatively negligent. In upholding the trial court's refusal to grant a directed verdict for the defendant, the court found that the jury could reject the expert's testimony and reach its own conclusions concerning the effect of the collision on the plaintiff and the effect of her failure to use a seat belt. 544 A.2d at 362. Compare McNeil v. Yellow Cab Co., 85 Cal. App.3d 116, 147 Cal. Rptr. 733 (1978) (no expert testimony needed because a matter of common sense that the absence of use of seatbelts caused some if not all of the plaintiff's claimed injuries in a case where the plaintiffs were passengers in a taxi thrown about because of lack of seat belts) with Franklin v. Gibson, 138 Cal. App.3d 340, 188 Cal. Rptr. 23 (1982) (the burden is on the defendant to show, through experts, what injuries would have been sustained in a collision if seat belts had been used). See also McKee v. Southeast Delco School Dist., 354 Pa.Super. 433, 512 A.2d 28 (1986), appeal denied, 514 Pa. 631, 522 A.2d 559 (1987).
[4] We note the trial court's refusal to permit the defendant to inquire of the independent examining physician as to his opinion of the causal relationship, if any, between Smith's herniated disc and her failure to wear her seat belt; however, this error was not raised on appeal.
[5] It seems strange that this deduction would require an expert.
[6] This same concern was expressed in A. Hyde, The Seat Belt Defense, at 61-71 (1985).
[7] The specific problem of experts in seat belt defense cases was raised at the outset by Justice Shaw in his dissenting opinion in Pasakarnis. It was his conclusion that the seat belt defense does require the defendant to offer expert testimony to establish the causal connection between the nonuse of the seat belt and aggravation of the injury. He described the extreme level of complexity this question can reach, involving such arcane subjects as "occupant kinematics". He warned that the seat belt issue would "completely overshadow" the defendant's conduct in causing the accident and correctly predicted that the seat belt defense would spawn a whole new species of expert witness, "the seat-belt expert".
[8] The "competent evidence" standard referred to in Pasakarnis requires a defendant to introduce evidence of the causal relationship between the injury and the failure to use a seat belt that is not uncertain, speculative, or conjectural  because that is the evidentiary standard applicable to plaintiffs for establishing their damages. See, e.g., Bartholf v. Baker, 71 So.2d 480 (Fla. 1954); Florida Ventilated Awning Co. v. Dickson, 67 So.2d 215 (Fla. 1953); Farrington v. Richardson, 153 Fla. 907, 16 So.2d 158 (1944); Gilliland v. Mercantile Inv. & Holding Co., 147 Fla. 613, 3 So.2d 148 (1941); Lakeland v. Douglass, 143 Fla. 771, 197 So. 467 (1940); Baggett v. Davis, 124 Fla. 701, 169 So. 372 (1936); Williams v. Atlantic Coast Line R. Co., 56 Fla. 735, 48 So. 209 (1908); Moses v. Autuono, 56 Fla. 499, 47 So. 925 (1908).