642 So.2d 1169 (1994)
Theresa ZURLINE, Appellant,
v.
Paula LEVESQUE, Brian Kelly and John Kelly, Appellees.
No. 93-1534.
District Court of Appeal of Florida, Fourth District.
September 28, 1994.
Juan F. Torres, III of Blake & Torres, P.A., Fort Pierce, for appellant.
Gary E. Esler and Laurie S. Moss of Esler, Petrie & Salkin, P.A., Fort Lauderdale, for appellee-Paula Levesque.
WARNER, Judge.
Claiming that the trial court erred in submitting a seatbelt defense to the jury and that the verdict was contrary to the manifest weight of the evidence, appellant challenges a final judgment awarding her damages. We hold that the seatbelt defense should not have been submitted to the jury based on the evidence presented and that appellant is therefore entitled to a new trial on damages.
After surviving a broadside collision, appellant sued the driver of the automobile in which she was a passenger. Her injuries were significant, including a broken pelvis, dislocated hip, displaced bladder, and blood clots. Two doctors testified as to her permanent injuries. Dr. Lynn assigned a 20% permanent partial impairment rating involving her fractured pelvis and the injury to her right sacroiliac joint. Dr. Greenburg, who also examined appellant, testified that he found multiple pelvic fractures, right hip pain secondary to a hip socket fracture, possible *1170 cartilage damage, leg length discrepancy due to the pelvic fracture, possible reflex sympathetic dystrophy syndrome, bilateral groin pain due most likely to bowel or bladder distention, bursitis, and post concussion syndrome and recurrent headaches. However, his 17% permanent partial disability rating did not include any assignment of permanent injury due to headaches. Appellant mentioned headaches only in response to questions on cross examination, concentrating her testimony on her other injuries which caused her pain. The defense presented no witnesses of its own to challenge the expert testimony, relying instead on certain impeachment on cross-examination.
With respect to the seatbelt defense, appellee proved that there was a seatbelt available for appellant's use and that she did not have it on at the time of the accident. However, neither Dr. Lynn or Dr. Greenberg were asked whether the failure to wear a seatbelt caused or contributed substantially to producing at least a portion of appellant's injuries. No other evidence was produced by appellee on this issue.
Appellant objected to the court's reading to the jury the instruction approved in Insurance Company of North America v. Pasakarnis, 451 So.2d 447 (Fla. 1984), because appellee had neither proved that the seatbelt was fully operational nor that the failure to wear the seatbelt contributed substantially to producing at least a portion of the injuries. Appellee pointed to Dr. Greenberg's diagnosis of post concussion syndrome and noted that appellant hit her head on the window or dashboard. Because of this evidence, the trial court concluded that it was required to give the instruction.
After this case was tried, the supreme court decided Bulldog Leasing Co. v. Curtis, 630 So.2d 1060 (Fla. 1994). In that case the court determined that a defendant has the initial burden to present competent evidence that the plaintiff's vehicle contained seat belts that could have been used. Once shown, the defense has presented a prima facie showing that seat belts were operational. Thereafter, the burden shifts to the plaintiff to present contrary evidence as to the belt's operability. In the instant case, the appellee carried her burden of proof. The appellant presented no evidence that the belt was not operational. Thus, the first and second prongs of the Pasakarnis test were met.
However, we agree with appellant's contention that there was no competent evidence that appellant's failure to wear the seatbelt caused or substantially contributed to her injuries and for that reason the seatbelt defense should not have been submitted to the jury. What constitutes "competent evidence" of a causal relationship between the failure to wear a seatbelt and the injury sustained has been addressed in only two cases to date. In Burns v. Smith, 476 So.2d 278 (Fla. 2d DCA 1985), the Second District rejected a plaintiff's contention that testimony from an accident reconstruction expert was needed to testify about the causal relationship between the nonuse of a seatbelt and the injuries sustained. Noting that under the circumstances present in the case of the plaintiff being thrown from his seat in the car and receiving head and neck injuries, the court stated, "we do not believe it was beyond the province of the jury that `the failure to use an available and operational seat belt produced or contributed substantially to producing at least a portion of plaintiff's damages.'" Id. at 279.
In State Farm Mut. Auto. Ins. Co. v. Smith, 565 So.2d 751 (Fla. 5th DCA), cause dismissed, 570 So.2d 1306 (Fla. 1990), the plaintiff was thrown about inside the car as a result of the collision and claimed injury to the lower back, an injury not "obviously" resulting from direct contact with the windshield, the door, or the dashboard. Id. at 754. Disagreeing with the Second District, the court thought that the specific dynamics of seatbelts in various automobile scenarios were not matters within the common understanding of juries, "or for that matter judges". Id. at 753, n. 3. While expressing its concern with whether anyone, expert or layman, could truly apportion causation and degree of injury between the initial impact and failure to use a seat belt, the court noted that Pasakarnis clearly places the burden of proof on the defendant to introduce competent evidence on this issue. It stated:

*1171 Nevertheless, Pasakarnis is clear that introduction of competent evidence on this issue is the burden of the defense. In some cases, a defendant will not need an expert to sustain his burden of proving the causal relationship between the injury sustained and the plaintiff's failure to use a seat belt. For example, if an unharnessed occupant is thrown from an automobile into a roadside lake or pond, and his drowning is established by the plaintiff's personal representative in the course of the ensuing wrongful death action, then there would be no need for expert testimony to be adduced by the defense to show the causal relationship between the death and the absence of a seat belt, and the issue would be submitted to the jury to determine any reduction of damages. Similarly, in cases like Pasakarnis, where the expert's opinion as an engineer is that no injury would have been sustained, there may be no need for medical expertise to differentiate among seat-belt related injuries and non-seat belt related injuries. Given the language employed by the majority opinion in Pasakarnis, however, we are obligated to allow a defendant to produce "competent evidence" of the causal relationship if he can.[8]
[8] The "competent evidence" standard referred to in Pasakarnis requires a defendant to introduce evidence of the causal relationship between the injury and the failure to use a seat belt that is not uncertain, speculative, or conjectural  because that is the evidentiary standard applicable to plaintiffs for establishing their damages. (Citations omitted).
Id. at 754. The court concluded that the evidence in Smith that the plaintiff was thrown from her seat in the car, "apparently deemed sufficient in Burns, is not competent [h]ere." Id. at 755.
We agree with the Fifth District's analysis of this issue and apply it to this case. The facts are perhaps more compelling in this case where the appellant was injured from a side collision rather than a frontal collision. The dynamics of seatbelt protection from injuries from side impacts may be even less a matter of common understanding than from frontal collisions. In fact, if the automobile in which appellant was driving did not have side impact protection, wearing a seatbelt may have actually increased appellant's chances of suffering fatal injuries in the crash. Thus, the "common understanding of the jury" cannot be substituted for proof where there is no evidence of the causal connection between the injuries suffered and the nonuse of the seatbelt under the circumstances of this case. This is particularly apparent where the only injury identified by the trial court as occurring in a Burns-like situation was the post concussion headaches, which were not even rated as part of appellant's permanent injuries by her doctors.
Our determination necessitates a retrial of all of the damage issues as they all interrelate with each other. On retrial, the court should use the model form of verdict 8.1 in the Standard Jury Instructions. This was not used in the first trial.[1] Use of the form will require the jury to itemize damages for past and future economic and non-economic damages and may avoid the dispute as to the manifest inadequacy of the verdict, which appellant presented as an alternative ground for reversal. We do not reach that issue because of our determination that the entire damage case must be retried.
Reversed and remanded for further proceedings.
GUNTHER and POLEN, JJ., concur.
NOTES
[1] Usually, when the itemized verdict form is not used, it is because of a specific waiver by the parties in order that the jury not be confused in trying to calculate present money value of the items of future damages. However, here an expert was used to make various calculations. Thus, the jury would have had his testimony available, along with closing argument, in rendering their verdict.