PARKER, Judge.
Osgood Industries, Inc., Martin J. Mueller, and Lisa Jane Shomada, defendants in the trial court, appeal a final judgment entered against them in a personal injury action. We agree that the trial court erred in granting the plaintiffs’ motion for directed verdict on the seat belt defense.[1]
Mueller, Shomada, and the plaintiffs, Donna and Ethan Schlau, participated in a night of bowling, dinner, and drinks. On the way home Shomada drove a Porsche automobile, which Osgood Industries and Mueller owned, and Mrs. Schlau was the passenger. Shoma-da failed to negotiate a curve, and the Porsche struck a tree, throwing Mrs. Schlau into the front windshield with sufficient force to leave a facial imprint in the glass. Mrs. Schlau required a four-day hospitalization and follow-up medical treatment.
The failure of Mrs. Schlau to wear an available seat belt was the main defense. The plaintiffs presented the testimony of Mrs. Schlau who stated that she attempted to use the seat belt, but the seat belt jammed. She testified that she asked Shomada to assist her. Shomada testified that Mrs. Schlau never told her that there was a problem with the seat belt and did not ask for help. She further testified that she had used the passenger side seat belt on frequent occasions, including that same evening, without difficulty or problem. Mueller testified that he had never experienced any problems with the passenger seat belt since he had purchased the car new one year before the accident. He testified that he had used the seat belt often as a passenger without any difficulty and that it worked “fine for me.”
During the defendants’ presentation of the evidence, the court granted the plaintiffs’ motion to exclude the testimony of the defendants’ expert witness who proffered testimony on facts and opinions relevant to their seat belt defense, ruling that the defendants had failed to present sufficient evidence that the seat belt was fully operational at the time of the accident. At the end of the defendants’ case, the court granted the plaintiffs’ motion for directed verdict as to the seat belt defense. The court disallowed any jury instruction on the seat belt defense.
The trial court did not have the benefit of the supreme court’s opinion in Bulldog Leasing Co. v. Curtis, 630 So.2d 1060 (Fla.), cert. denied, — U.S. —, 115 S.Ct. 141, 130 L.Ed.2d 82 (1994), wherein the court clarified its earlier decision in Insur *961 ance Company of North America v. Pasakarnis, 451 So.2d 447 (Fla.1984). Pasakarnis first recognized the availability of the seat belt defense in Florida.[2] Pasakarnis held that a defendant must plead and prove the following three elements in order for the jury to consider the seat belt defense: (1) the plaintiff failed to use “an available and fully operational seat belt”; (2) the nonuse was unreasonable under the circumstances; and (3) this failure caused or contributed substantially to the plaintiffs damages. Pasakarnis, 451 So.2d at 454. Curtis clarified the first part of the Pasakarnis standard; that is, the defendant’s burden of proof to establish that the vehicle contained an available and fully operational seat belt. Curtis held that the defendant has the initial burden to present competent evidence that the vehicle contained seat belts that could have been used. If the defendant meets that burden, this evidence constitutes a prima facie showing that the seat belts were operational. The plaintiff can present contrary evidence to rebut the defendant’s evidence on this issue. We conclude that the testimony of Shomada and Mueller was sufficient for a prima facie showing that the vehicle contained an operational passenger seat belt.
The Schlauses first argue that Curtis did not set forth a universal standard for all cases when the defendant asserts the seat belt defense but only in those cases when the plaintiff has possession or control over the vehicle. Their argument is based on the Curtis Court’s statement that a vehicle which the plaintiff occupies at the time of an accident usually is in the custody and control of the plaintiff after the accident. We conclude that the Curtis standard applies in all cases. The reasoning of Curtis was based on the fact that a plaintiff controls the litigation and has four years to bring a personal injury action. The court noted that the longer the plaintiff waits to bring an action, the more difficult it is for a defendant to assert the seat belt defense. If there is competent evidence that the vehicle contained a seat belt which the injured party could have used, then this is sufficient evidence to meet the first requirement of the Pasakamis standard.
The Schlauses argue, in the alternative, that the defendants failed to present sufficient evidence of the second and third elements of the seat belt defense. This argument must fail. During the defendants’ case, the plaintiffs argued to the judge that the judge should exclude any further testimony relating to the seat belt defense because the defendants failed to prove that the vehicle contained fully operational seat belts. The trial court agreed and prohibited additional testimony on their seat belt defense. The defendants then proffered the testimony of a consulting engineer and accident reconstruc-tionist.
We conclude that the evidence presented, and especially with the proffered evidence, was sufficient to have the jury consider their seat belt defense. Shomada’s testimony that Mrs. Schlau never mentioned to her that the seat belt was not working and never asked for her assistance with the seat belt was sufficient evidence to permit the jury to consider whether Mrs. Sehlau’s failure to use the seat belt was unreasonable under the circumstances. We further conclude that there was sufficient evidence to present a jury question on whether Mrs. Schlau’s failure to wear the seat belt contributed substantially to at least a part of her damages. Mrs. Schlau testified that her head hit the windshield. A witness who arrived at the scene immediately after the accident testified that the passenger left a facial imprint in the windshield. Mrs. Schlau presented evidence that she suffered head injuries and brain damage. As we recognized in Burns v. Smith, 476 So.2d 278, 279 (Fla. 2d DCA 1985), it was not “beyond the province of the jury from its common knowledge” to conclude from these facts that *962 the failure to use a seat belt contributed substantially to causing at least a portion of the plaintiffs damages. The defendants, however, did not rely solely on this lay testimony. They proffered the expert testimony of an engineer and accident reconstructionist who opined that the seat belt would have withstood the forces involved in the accident if Mrs. Schlau had worn the seat belt, that Mrs. Schlau’s head would not have struck the windshield if she had used the seat belt, and that her failure to use the seat belt contributed substantially to her injuries. This evidence was sufficient to permit the jury to consider the seat belt defense. We, therefore, reverse the judgment and order a new trial.
Reversed and remanded for a new trial.
FRANK, C.J., and PATTERSON, J., concur.

. Because this case is reversed for a new trial, we do not address the remaining issues which the defendants raised. This court’s failure to address those issues is not to be construed as the "law of the case.” The trial court is free to revisit those issues upon retrial.

. The accident in this case occurred on November 27, 1988. Section 316.614(10), Florida Statutes (1987), the relevant statute to this case, provided that a violation of the statute requiring the front-seat passenger to wear a seat belt could not "be used as prima facie evidence of negligence in any civil action.” In 1990 the legislature amended that subsection to provide that a violation of the statute could not “be considered in mitigation of damages but ... [could] be considered as evidence of comparative negligence” in a civil action. § 316.614(10), Fla.Stat. (Supp.1990).