769 So.2d 1056 (2000)
Stephanie I. SMITH and Jerry Michael Smith, Appellants,
v.
Erica Ann BUTTERICK, Appellee.
Nos. 2D99-2583, 2D99-3141.
District Court of Appeal of Florida, Second District.
August 9, 2000.
*1057 H. Shelton Philips of Kaleel & Kaleel, P.A., St. Petersburg, for Appellants.
Louis K. Rosenbloum of Louis K. Rosenbloum, P.A., Pensacola, and Omar F. Medina of Law Offices of Omar Medina, P.A., Tampa, for Appellee.
NORTHCUTT, Judge.
Erica Butterick was injured in an automobile accident while riding as a passenger in a car driven by her brother Michael. She sued Stephanie and Jerry Smith, respectively the owner and the driver of the other vehicle, for her resulting damages. The jury found Jerry Smith negligent and apportioned fifty percent of the responsibility for Butterick's damages to him. Butterick's brother Michael, a non-party listed on the verdict form pursuant to Fabre v. Marin, 623 So.2d 1182 (Fla.1993), was also determined to be negligent and held fifty percent responsible. The jury awarded Butterick both economic and noneconomic damages. The trial court entered a judgment for damages and subsequently denied the Smiths' motion for new trial. It later entered a judgment awarding attorney's fees to Butterick based on her offer of settlement.
In this consolidated appeal of the two judgments the Smiths seek a new trial on both damages and liability, and they challenge the trial court's decision to award attorney's fees based on a contingency fee multiplier. One of the Smiths' grounds for a new trial has merit. As we will explain, the court abused its discretion when it excluded evidence on the Smiths' seat belt defense. Accordingly, we reverse for a new trial limited to the issue of whether Butterick failed to wear a seat belt and, if so, whether she was comparatively negligent. We affirm without discussion the Smiths' other challenges to the judgment for damages.
We also conclude that the court did not err in applying a contingency fee multiplier when it calculated Butterick's attorney's fees. But because Butterick's recovery after the new trial may be diminished by her own comparative negligence, we reverse the judgment for fees and remand for a new calculation of her entitlement to fees after the trial on the seat belt issue.
The "seat belt defense" poses a question of comparative negligence; that *1058 is, whether the plaintiff's failure to use a seat belt contributed to her injuries. See Ridley v. Safety Kleen Corp., 693 So.2d 934 (Fla.1996). To present a jury question on this issue, the defendant must prove that "(1) the plaintiff failed to use `an available and fully operational seatbelt'; (2) the nonuse was unreasonable under the circumstances; and (3) this failure caused or contributed substantially to the plaintiffs damages." Osgood Industries., Inc. v. Schlau, 654 So.2d 959, 961 (Fla. 2d DCA 1995) (internal citations omitted).
The Smiths asserted the seat belt defense in their answer to Butterick's complaint. Before trial, Butterick filed a motion in limine seeking to exclude any evidence concerning the defense. She contended there was no evidence that she had failed to wear a seat belt and no evidence that the belt was operational. The Smiths filed the deposition of Michael Butterick, in which he testified the seat belts in his car were operational. The Smiths also filed an affidavit of a mechanical engineer, Julian S. Nowak, who reported that he had computed how far forward a restrained passenger would move in a 1979 Mustang involved in an accident like the one in this case. He stated that the head of a restrained passenger would not have hit the interior surfaces of the car. In the accident at issue here, Butterick suffered a broken nose when her head struck something inside the Mustang. The trial court granted Butterick's motion in limine.
The Smiths revisited the seat belt defense at trial. During Butterick's case her brother Craig testified that the seat belts in the Mustang were operational. When the Smiths began to present their case, they again urged the court to permit engineer Nowak to testify that a restrained passenger would not have suffered injuries like Butterick's. The court again refused to permit Nowak's testimony, but allowed the Smiths to proffer it.
It is not clear from our record why the court refused to permit the Smiths to present evidence on their seat belt defense. However, Butterick's motion asserted that no evidence supported the defense, so we will presume the court's ruling was premised on its belief that the evidence was insufficient to raise a jury question.[1]
Butterick first argued that the Smiths had failed to prove the seat belts in the Mustang were operational. Until recently, the district courts had taken a narrow view of what evidence was required to show that seat belts were "available and fully operational." It is now settled that the defendant meets this initial burden simply by offering evidence that the car was equipped with belts that could have been used. Such constitutes a prima facie showing that the seat belts were operational. The plaintiff can then present rebuttal evidence to establish that the belts did not work. See Bulldog Leasing Co. v. Curtis, 630 So.2d 1060, 1064 (Fla.1994); Schlau, 654 So.2d at 961. Before the trial court entered its order granting the motion in limine, and before the defense case at trial, Butterick's brothers testified that the Mustang contained seat belts and that they worked. Thus, there was a prima facie showing that the belts were operational, the first hurdle for a defendant to overcome in presenting a seat belt defense.
The Smiths also proffered Nowak's opinion that the physical evidence showed Butterick was not wearing a seat belt and that she would not have injured her face if she had been restrained. On appeal, Butterick notes that the trial court voiced concern that Nowak's testimony contradicted *1059 all the credible eyewitnesses in the case. Perhaps, she suggests, the judge disallowed the testimony because if the jurors had found Butterick comparatively negligent, he would have set the verdict aside as contrary to the manifest weight of the evidence. While this is an interesting theory, the court never stated it as a reason for excluding the testimony. Moreover, circumstantial evidence in this case, such as the injuries to the other people in the Mustang, could support Nowak's theory. Cf. Houghton v. Bond, 680 So.2d 514, 521 (Fla. 1st DCA 1996) (addressing the issue of whether the defendant showed that the plaintiff's injuries were caused by his failure to wear a seat belt, the court commented that, when comparing seriousness of injuries of driver and passenger, jurors could conclude that driver's head injuries resulted from his failure to wear a seat belt). Although we offer no opinion on the likelihood the Smiths will succeed on this defense, we conclude that their evidence was sufficient to raise a jury question. See Schlau, 654 So.2d at 961. The trial court erred in excluding it.
The jury in the previous trial found that both Jerry Smith and Michael Butterick were negligent in the operation of their cars and apportioned liability for Erica Butterick's injuries equally between them. We see no need for a retrial on their negligence. See Ridley v. Safety Kleen Corp., 693 So.2d 934, 944-45 (Fla.1996). The retrial should be limited to the issue of whether Erica Butterick failed to wear an "available and fully operational" seat belt, and, if so, whether she was comparatively negligent and what percentage of fault should be attributed to her. If the jury determines she had some percentage of fault, the court should adjust the relative percentages of Jerry Smith and Michael Butterick accordingly.
As mentioned earlier in this opinion, our decision to grant a new trial on the seat belt defense requires that we also reverse the attorney's fee award in this case. The award was based on an offer of settlement; if after the new trial the award against the Smiths is reduced because of some negligence on Erica Butterick's part, her entitlement to attorney's fees must be recalculated.
Affirmed in part, reversed in part and remanded for a new trial in accordance with this opinion.
FULMER, A.C.J., and SALCINES, J., Concur.
NOTES
[1] Butterick argues on appeal that the court correctly excluded Nowak's testimony because it was based on insufficient data, and that the expert was not competent to render the proffered opinion. The court's written order granting the motion in limine and its comments at trial do not indicate that these factors played a part in its decision. We therefore decline to affirm on this basis, but note that Butterick is free to raise these issues at the new trial.