PER CURIAM.
DO & CO Miami Catering, Inc., appeals a final judgment in Craig Chapman’s negligence action. We affirm.
Chapman suffered a herniated disc when a DO & CO truck, driven by an employee, struck his car. DO & CO asserted that the injury was a degenerative condition, and that Chapman’s failure to wear a seat-belt contributed to the injury. Chapman testified that he was wearing a seatbelt at the time of the accident; he didn’t understand why the hospital records expressed the contrary.
At trial, Chapman moved for a directed verdict on the seat belt defense. He asserted that DO & CO had not introduced any evidence tying his injury to failure to wear a seat belt. DO & CO argued that it was not required to introduce evidence on the issue. The trial court granted the directed verdict and struck the defense. Thereafter, the jury returned a verdict in Chapman’s favor.
Of the three issues DO & CO raises on appeal, only one merits discussion: Whether the trial court erred in granting Chapman’s directed verdict motion, thereby striking the seat belt defense. Based on the record before us, which shows that DO & CO presented no evidence of a causal relationship between Chapman’s injury and the alleged failure to wear a seat belt, we cannot conclude that the directed verdict was error.[1]
The seminal case on this issue is Insurance Co. of North America v. Pasakarnis, 451 So.2d 447 (Fla.1984), abrogated on other grounds, Ridley v. Safety Kleen Corp., 693 So.2d 934 (Fla.1996). In Pasakamis, the Florida Supreme Court announced that the
Defendant has the burden of pleading and proving that the plaintiff did not use an available and operational seat belt, that the plaintiffs failure to use the seat belt was unreasonable under the circumstances and that there was a causal relationship between the injuries sustained by the plaintiff and plaintiffs failure to buckle up.
Pasakamis, 451 So.2d at 454. This language specifies that the defendant bears the burden of demonstrating a “causal relationship between the injuries sustained” and the failure to wear the seat belt. Id. This was reiterated in Bulldog Leasing Co. v. Curtis, 630 So.2d 1060, 1064 (Fla.1994), where the court held that the defendant has the initial burden to present competent evidence on this issue. Accord State Farm Mut. Auto. Ins. Co. v. Smith, 565 So.2d 751, 754 (Fla. 5th DCA 1990). The *1238 ‘“competent evidence’ standard referred to in Pasakamis requires a defendant to introduce evidence of the causal relationship between the injury and the failure to use a seat belt that is not uncertain, speculative, or conjectural.... ” Smith, 565 So.2d at 755 n. 8.
When the Florida Supreme Court next visited this issue, in Ridley v. Safety Kleen Corp., 693 So.2d 934 (Fla.1996), it was considering the impact of section 316.614(10), Florida Statutes (1995),[2] Florida’s Safety Belt Law, on Pasakamis. Ridley held that the legislature did not intend to make failure to wear a seat belt negligence per se, or prima facie evidence of negligence, but rather just “evidence of comparative negligence.” Ridley, 693 So.2d at 943 n. 14. In the face of this holding, we cannot agree with DO & CO’s argument that Ridley relieves a defendant of the burden of presenting evidence of causation. In fact, Ridley reiterates the defendant’s burden of proof announced in Pasakarnis. 693 So.2d at 939-40. See Smith v. Butterick, 769 So.2d 1056 (Fla. 2d DCA 2000); Osgood Indus., Inc. v. Schlau, 654 So.2d 959 (Fla. 2d DCA 1995); Zurline v. Levesque, 642 So.2d 1169 (Fla. 4th DCA 1994); State Farm Mut. Auto. Ins. Co. v. Smith, 565 So.2d 751, 754 (Fla. 5th DCA 1990).
In this case, the record shows that DO & CO presented no evidence to meet its burden of proof on its seat belt defense. Compare Houghton v. Bond, 680 So.2d 514 (Fla. 1st DCA 1996)(directed verdict for plaintiff on seat belt defense reversed where defendant presented competent evidence that plaintiffs injuries resulted from failure to wear seat belt). DO & CO argues that it would be antithetical for it to present evidence that the injury was preexisting, and also that it was caused by failure to wear a seat belt. We see DO & CO’s predicament. However, the choice of defense theories is a strategic decision. We cannot relieve DO & CO of the consequence of having chosen inconsistent defenses.
Based on the foregoing, we affirm the final judgment.

. Emmer v. Perez, 757 So.2d 612 (Fla. 3d DCA 2000)(directed verdict on an affirmative defense appropriate in the absence of evidence of negligence by plaintiff); Allstate Ins. Co. v. Scott, 773 So.2d 1290 (Fla. 5th DCA 2001)(same).

. Subsection 10 has since been renumbered and now appears as subsection 9. Ch. 96-350, § 36, Laws of Fla., eff. Oct. 1, 1996.